**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUAN TOMAS FLORES GARCIA, <br><br> *Petitioner-Plaintiff*, <br><br> v. <br><br> U.S. CUSTOMS & BORDER PROTECTION, *et al.*, <br><br> *Respondents-Defendants*. | No. 24-cv-03376 (DLF) |

**MEMORANDUM OPINON AND ORDER**

While detained in Indiana, Juan Tomas Flores Garcia (Flores) filed this Petition for Writ of Habeas Corpus and Complaint, Pet., Dkt. 1, against U.S. Customs and Border Protection, the U.S. Department of Homeland Security, the Secretary of Homeland Security, and two unnamed immigration officials (Officers John Doe A and John Doe B).  Before the Court is the respondents-defendants' (the government) Motion to Dismiss.  Dkt. 17.  For the following reasons, the Court will grant the motion in part and transfer the case to the Southern District of Indiana.

I.    **BACKGROUND**

    A.    **Factual Background**

Flores is a citizen of Mexico who owns a handicraft store in Guadalajara, Mexico.  Pet. ¶¶ 8, 14.  On October 9, 2023, he applied for a visa to visit the United States.  *Id.* ¶ 15.  On September 6, 2024, Flores was issued a ten-year B1/B2 non-immigrant tourism and business visa by the U.S. Consulate in Guadalajara.  *Id.*  On November 7, 2024, he flew from Mexico to O'Hare International Airport in Chicago, Illinois, intending to stay in the United States for a few days.  *Id.* ¶ 16.

At O'Hare, Flores was interrogated by Officer John Doe A. *Id.* ¶ 19. After asking Flores some questions about the purpose of his visit, the officer determined that Flores was inadmissible to the United States despite his visa and ordered his removal under the expedited removal provisions of 8 U.S.C. § 1225(b)(1). *Id.* ¶¶ 20–22. Officer John Doe B approved the expedited removal order. *Id.* ¶ 23. Flores was then detained in the Clay County Jail in Brazil, Indiana, "for the sole purpose of effectuating" the expedited removal order. *Id.* ¶ 24; *see id.* at i. After more than two months in custody, Flores was removed from the United States to Mexico on January 13, 2025. Pet.-pl.'s Opp'n at 4, Dkt. 20. As a consequence of the expedited removal order, the government revoked his visa. *Id.* at 5.

### B.    Procedural History

While he was in custody in Indiana and before his removal to Mexico, Flores filed a joint petition for writ of habeas corpus and complaint in this Court on December 3, 2024. *See* Pet. He seeks a writ of habeas corpus under 8 U.S.C. § 1252(e)(2) and argues that his expedited removal order is invalid because it was issued in violation of the Appointments Clause of the U.S. Constitution. *Id.* ¶¶ 4, 66; *see id.* ¶¶ 71–75. Flores also argues that because the removal order is invalid, so too is his visa revocation, and he asks the Court to set aside the revocation under § 706 of the Administrative Procedure Act. *Id.* ¶ 70; *see id.* ¶¶ 76–79.

Before the Court is the government's motion to dismiss this case on multiple grounds, including improper venue.[1]

---

[1] In addition to arguing that the Court should dismiss, or at a minimum transfer, this action for improper venue, the government contends that Flores cannot pursue his habeas claim because he is no longer detained by the United States, Resps.-defs.' Mot. to Dismiss at 9–10, Dkt. 17, and that any federal district court lacks jurisdiction under the relevant statutory provisions, *id.* at 12–15 (citing 8 U.S.C. § 1252(a)(2)(A), (e)).

2

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) "instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 21 (D.D.C. 2009); *see* Fed. R. Civ. P. 12(b)(3).  The Court accepts the plaintiff's well-pleaded allegations regarding venue as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015).  "The court need not, however, accept the plaintiff's legal conclusions as true . . . and may consider material outside of the pleadings." *Id.* (citation modified).  "The plaintiff has the burden to establish that venue is proper since it is his obligation to institute the action in a permissible forum." *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 414 (D.D.C. 2020) (citation modified), *aff'd*, No. 20-cv-5103, 2021 WL 2525679 (D.C. Cir. June 2, 2021).

Where venue is improper, a "district court may either dismiss, 'or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.'" *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (quoting 28 U.S.C. § 1406(a)).  "The decision whether dismissal or transfer is 'in the interests of justice' is committed to the sound discretion of the district court." *Id.* (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983)).  "Generally, the interests of justice require transfer to the appropriate judicial district rather than dismissal." *Id.*

## III.    ANALYSIS

Section 2241 provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a); *see I.M. v. U.S. Customs & Border Prot.*, 67 F.4th 436, 439–40 (D.C. Cir. 2023) (looking to § 2241 to determine whether a

3

district court had "habeas jurisdiction" over an action brought under 8 U.S.C. § 1252(e)(2)); *see also* Pet.-pl.'s Opp'n at 18 & n.9.  Whether a habeas corpus petition falls "within" a court's jurisdiction under § 2241 depends on whether the petition raises a "core" or a "non-core" habeas challenge.  Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement," *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004), while non-core petitions can—in certain circumstances—be filed in districts outside the district of confinement.

A core habeas petition challenges "present physical confinement." *Id.*  The Supreme Court has long held that a petitioner challenging "present physical custody" must name his "immediate custodian" as the respondent.  *Id.* at 444; *see id.* at 434–35.  In turn, the petition must be filed in "the district court that has territorial jurisdiction over the proper respondent." *Id.* at 444.  In other words, a core habeas petition must be filed in the petitioner's "district of confinement."[2] *Id.*

By contrast, a "non-core" habeas petition "challenges something other than [the petitioner's] present physical confinement." *Id.* at 438.  For example, detainees who seek merely to delay their removal during a pandemic and "thereby *remain* in [U.S.] custody," *D.A.M. v. Barr*, 474 F. Supp. 3d 45, 62 (D.D.C. 2020), and those who challenge only their "conditions of confinement," *Khadr v. Bush*, 587 F. Supp. 2d 225, 236 (D.D.C. 2008), raise non-core habeas claims.  Because non-core habeas petitions do not seek release from custody or challenge the *fact* of custody, they need not be brought against the petitioner's "immediate physical custodian" in the district of confinement.  *Padilla*, 542 U.S. at 439.  Rather, they may be lodged against a "party exercising legal control" over the petitioner, *id.*, and in any district comporting with "traditional

---

[2] As the D.C. Circuit has explained, "the requirement to file in the district of confinement concerns venue, not subject matter jurisdiction." *Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090, 1097 (D.C. Cir. 2022) (citing *Ramsey v. U.S. Parole Comm'n*, 840 F.3d 853, 859 n.2 (D.C. Cir. 2016)). Accordingly, when a petitioner brings a core habeas claim outside the district of his confinement, the Court may transfer the case instead of dismissing it.

venue considerations such as the location of material events, the location of records and witnesses pertinent to the claim, and the relative convenience of the forum for each party," *D.A.M.*, 474 F. Supp. 3d at 68.

Flores's petition, which effectively seeks release from custody, is a core habeas petition. Flores alleges that he was "in custody for the *sole purpose* of effectuating [his allegedly] unlawful expedited removal order," Pet. ¶ 24 (emphasis added), and he requests the Court to declare his expedited removal order "void *ab initio*" and "vacate[]" it, *id.* ¶¶ 69, 75. Thus, Flores challenges the validity of the very order that kept him in custody. *See I.M.*, 67 F.4th at 443 ("If an alien shows that he is not removable, the government can no longer detain him."). Unlike the non-core habeas petitions that Flores identifies—*Khadr*, 587 F. Supp. 2d at 236 (challenging conditions of confinement), or *D.A.M.*, 474 F. Supp. 3d at 62 (seeking to delay deportation and remain in U.S. custody)—Flores's petition challenges the fact of his detention.

The Supreme Court's April 2025 opinion accompanying its emergency order in *J.G.G. v. Trump* directs this Court to the same result. There, individuals detained in Texas sought to challenge their imminent removals in federal court in this District. *Trump v. J.G.G.*, 604 U.S. 670, 671 (2025) (per curiam). Like Flores, the detainees argued that they were pursuing non-core habeas claims because they were challenging their *removal* rather than their *detention*, and they claimed that "success [in their suit] does not mean immediate release from confinement." Opp'n to Appl. to Vacate and Req. for an Immediate Administrative Stay at 17, *J.G.G.*, 604 U.S. 670 (No. 24A931) (citation modified). The Supreme Court rejected that argument, holding that "[r]egardless of whether the detainees formally request release from confinement, because their claims for relief 'necessarily imply the invalidity' of their confinement and removal under the [Alien Enemies Act], their claims fall within the 'core' of the writ of habeas corpus." *J.G.G.*, 604

5

U.S. at 672 (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)).  "[V]enue [was therefore] improper in the District of Columbia" because the "detainees [were] confined in Texas." *Id.*

The same reasoning applies here.  *Cf. Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025) ("Although our interim orders are not conclusive as to the merits, they inform how a court should exercise its equitable discretion in like cases.").  Flores's claim that his expedited removal order is void implicitly challenges the validity of his detention and therefore is a core habeas action.  As such, Flores was required to file his petition in the Southern District of Indiana—the federal district that has jurisdiction over the custodian of the facility where he was detained.

The interests of justice clearly favor transferring rather than dismissing this action.  Flores's joint petition and complaint do not contain "obvious substantive defects" requiring this Court to conclude that dismissal after transfer is "foreordained."  *Fam v. Bank of Am., N.A.*, 236 F. Supp. 3d 397, 409 (D.D.C. 2017) (quoting *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997)).  Further, dismissal of this action would preclude Flores from refiling his habeas petition because § 1252(e)(2) requires a petitioner to be in custody at the time of filing, *I.M.*, 67 F.4th at 445, and Flores is no longer in custody.  *See Walton v. Zeldin*, No. 23-cv-2213, 2025 WL 522032, at *5 (D.D.C. Feb. 18, 2025) (finding transfer rather than dismissal in the interests of justice where plaintiff's claims would have been time-barred).  Accordingly, the Court will transfer this action to the Southern District of Indiana.[3]

---

[3] The Court will transfer the entire action, including Flores's APA claim.  As Flores acknowledges, *see* Pet.-plf.'s Opp'n at 31–32, his APA claim, which seeks reinstatement of his visa, relies on the resolution of his habeas claim challenging the legality of his removal order.  *See I.M. v. U.S. Customs & Border Prot.*, No. 20-cv-3576, 2022 WL 266703, at *3–5 (D.D.C. Jan. 28, 2022), *aff'd* 67 F.4th 436 (D.C. Cir. 2023).  Because venue is improper in this district, the Court will not address the government's alternate grounds for dismissal.  *See Chevron U.S.A. Inc. v. EPA*, 45 F.4th 380, 385 (D.C. Cir. 2022) ("[V]enue . . . is a threshold, non-merits issue that a court can address without first establishing its jurisdiction.").

For the foregoing reasons, it is

**ORDERED** that the Respondents-Defendants' Motion to Dismiss, Dkt. 17, is **GRANTED** in part and **DENIED** in part, and this case is **TRANSFERRED** to the U.S. District Court for the Southern District of Indiana.  The Clerk of Court is directed to close this case after the transfer is complete.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
United States District Judge

September 27, 2025

7