UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JUAN TOMAS FLORES GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00257-MPB-MJD |
| | ) | |
| US CUSTOMS & BORDER PROTECTION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Juan Tomas Flores Garcia's petition for a writ of habeas corpus challenges his removal from the United States. The Court ordered Mr. Flores to show cause why the matter should not be dismissed for lack of subject matter jurisdiction. The parties have responded, and Mr. Flores has not carried his burden of demonstrating that his Court has jurisdiction over his claims. Therefore, the case is dismissed.

**I. Facts**

For purposes of this order, the Court relies on Mr. Flores's presentation of the facts. Dkt. 46 at 7–9.

Mr. Flores is a Mexican national. In November 2024, he flew to Chicago and presented a valid tourist visa. Customs and Border Protection (CBP) Officers denied Mr. Flores entry into the United States, and initiated removal proceedings.

In December 2024, while detained at the Clay County Jail, Mr. Flores filed this habeas action in the District Court for the District of Columbia. He challenged the validity of his expedited removal order and the corresponding revocation of his visa. The basis for his claim is that the

individual officers who prevented him from entering and initiated his removal lacked constitutional authority to do so. Conspicuously absent from the petition, dkt. 1, is any request for release from detention.

Mr. Flores was removed to Mexico. He is no longer in custody, but his visa has been revoked, and he may not re-enter the United States for five years. The District of Columbia transferred the case to this Court because Mr. Flores was detained here when he filed his petition.

This Court ordered Mr. Flores to show cause why the Court should not dismiss this case for lack of jurisdiction. Mr. Flores and the respondents have responded. Mr. Flores's motion for leave to file a reply brief, dkt. [49], is **granted**, insofar as the Court has docketed and considered his proposed brief, dkt. 49-1.

## II. Analysis: General Habeas Corpus Jurisdiction

Mr. Flores argues first that 28 U.S.C. § 2241 grants the Court jurisdiction over his petition. The Court noted in its show-cause order that § 2241(c) prohibits the Court from granting a habeas petition except in response to a challenge to the lawfulness of the petitioner's custody. Dkt. 37 at 2–3.

Mr. Flores argues that § 2241 continues to provide this Court with jurisdiction over his petition because (a) he was in custody at the time he filed his petition, and (b) he continues to suffer "collateral consequences" of the government action he challenges in his petition—namely, the revocation of his visa and his bar against re-entering the United States. This argument is misguided.

A habeas petitioner typically challenges the lawfulness of his custody by challenging the lawfulness of his conviction or sentence. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The "collateral consequence" doctrine comes into play when the petitioner wishes to challenge the

underlying conviction or sentence even after being released from physical custody. *Stanbridge v. Scott*, 791 F.3d 715, 718–19 (2015). For this reason, cases discuss "collateral consequences" *of a conviction or sentence*—not collateral consequences *of detention*. *E.g.*, *Spencer*, 523 U.S. at 8 ("Subsistence of the suit requires, therefore, that continuing 'collateral consequences' of the parole revocation be either proved or presumed."); *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) ("In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror." (footnotes omitted)); *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) ("Although no longer in custody, however, a challenge to a criminal conviction (or, in this case, a declaration of juvenile delinquency, which is its equivalent for a child) is not moot when the defendant continues to face adverse consequences stemming from its adjudication."); *D.S.A. v. Cir. Ct. Branch 1*, 942 F.2d 1143, 1147 (7th Cir. 1991) ("We next must consider what, if any, consequences remain from the petitioner's juvenile adjudication now that she is not in custody.").

Mr. Flores only reinforces this point in his brief, which cites multiple cases of habeas petitioners challenging removal based on criminal convictions, juvenile adjudications, or comparable status. Dkt. 46 at 5 n.2; *Zalawadia v. Ashcroft*, 371 F.3d 292 (5th Cir. 2004) (removed based on criminal conviction); *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003) ("Since the administrative determination that petitioner was an aggravated felon renders him ineligible to seek cancellation of removal for twenty years, . . . collateral consequences arising from Zegarra–Gomez's deportation could sustain the continuation of his habeas petition."); *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378 (3d Cir. 2001) (removed based on aggravated felonies); *Leitao v. Reno*, 311 F.3d 453, 454 (1st Cir. 2002) (removal based on conviction); *Swaby v. Ashcroft*, 357

F.3d 156, 160 (2d Cir. 2004) (removal based on conviction); *Smith v. Ashcroft*, 295 F.3d 425, 427 (4th Cir. 2002) (removal based on conviction);[1] *see also Trump v. J. G. G.*, 604 U.S. 670 (2025) (challenging removal based on alien enemy designation); *but see Zundel v. Berrong*, 106 F. App'x 331, 333 (6th Cir. 2004) (removal based on missed hearing). In these cases, the government action being challenged (removal) is a collateral consequence of a matter that can otherwise be challenged in a habeas action (conviction, sentence, adjudication, designation).

In sum, no one disputes that a habeas claim *may* remain viable after the petitioner's release from custody based on a continuing collateral consequence. *See, e.g.*, *Spencer v. Kenma*, 523 U.S. 1, 8 (1998). Nor does anyone dispute that Mr. Flores faces an ongoing consequence of the government action he challenges in his petition—his refusal of entry, removal, and revocation of his visa. Mr. Flores's habeas claim does not fall outside the Court's § 2241 jurisdiction for lack of an ongoing consequence. Rather, the Court lacks jurisdiction over his claim because, from the day he filed it, Mr. Flores has used this habeas petition as a means to challenge his removal and his revocation—not a conviction, adjudication, sentence, designation, confinement, or any other matter that is properly challenged in a habeas case.

### III. Analysis: 1252 Jurisdiction

Mr. Flores also argues that his petition is properly before this Court as a habeas corpus proceeding under 8 U.S.C. § 1252(e). Broadly, § 1252 governs judicial review of orders of removal. Some matters are excluded from judicial review all together. *See* 8 U.S.C. § 1252(a)(2). For most others, the person seeking relief must petition directly to the Seventh Circuit. 8 U.S.C. § 1252(a)(5).

---

[1] Other cases cited by Mr. Flores were § 1252 habeas proceedings, subject to a different analysis discussed below. *Moore v. Ashcroft*, 251 F.3d 919 (11th Cir. 2001) (review filed directly with Court of Appeals); *I.M. v. United States Customs & Border Prot.*, 67 F.4th 436, 438 (D.C. Cir. 2023) (same).

Section 1252(e) creates an exception that applies to some claims by individuals who, like Mr. Flores, are stopped at the border and placed in removal proceedings before entering the country. The statute permits district courts to review certain such decisions through "habeas corpus proceedings." 8 U.S.C. § 1252(e)(2). The habeas proceedings allowed under § 1252(e)(2) bear little resemblance to traditional habeas actions like those discussed in the previous section. The petitioner may challenge his removal—not his confinement or the basis for it.

A § 1252(e)(2) habeas petitioner may challenge his removal only on grounds that he (A) is not an alien, (B) was not actually ordered removed, or (C) had been lawfully admitted as a lawful permanent resident, a refugee, or an asylee. Additionally, when the petitioner argues that he was not actually ordered removed, "the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. § 1252(e)(5). "There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." *Id.*

Mr. Flores argues that his claim is a proceeding allowed by § 1252(e)(2), even accounting for the limitations imposed by § 1252(e)(5). Mr. Flores asserts that his removal order was issued by an officer without constitutional authority to order him removed. As he sees it, this made his removal order void from its inception, such that he was never ordered removed at all.

The Seventh Circuit and its District Courts have taken a narrower view of § 1252(e). Acknowledging that § 1225(b)(1)'s removal procedure "is fraught with risk of arbitrary, mistaken, or discriminatory behavior," the Seventh Circuit has made clear that the federal courts "lack jurisdiction to inquire whether the expedited removal procedure . . . was properly invoked." *Khan v. Holder*, 608 F.3d 325, 329–30 (7th Cir. 2010). In deciding whether § 1252's "jurisdictional bar applies, the specific nature of a claimant's . . . challenge simply doesn't matter." *Odei v. U.S. Dep't of Homeland Sec.*, 937 F.3d 1092, 1095 (7th Cir. 2019). "To the contrary, the jurisdictional bar is

5

designed to preclude courts from examining those specifics in the first place." *Id.* at 1095–96. A § 1252(e) petitioner is therefore limited to challenging whether an order was issued and whether it applied to him—not whether it was issued or applied to him lawfully. *Zamirov v. Olson*, No. 25 CV 6540, 2025 WL 2618030, at *2 (N.D. Ill. Aug. 29, 2025) ("Here, there is no question that an expedited order of removal was issued . . . What Zamirov's Amended Petition really asks the court to review is whether the expedited removal was lawfully applied to him. . . . This inquiry, however, falls outside § 1252(e)(5)'s narrow focus."); *Al Khedri v. Sedlock*, No. 09 C 6483, 2009 WL 3380681, at *2 (N.D. Ill. Oct. 20, 2009) ("Al Khedri has been ordered removed. He challenges not the existence of that order, but its legality. . . . Consequently, we do not have jurisdiction under 8 U.S.C. § 1252(e)(2)(B) to review Al Khedri's claims.").

The inquiry Mr. Flores places before this Court is precisely the inquiry that § 1252(e)(5) forbids. Mr. Flores asks the Court to find that, by arguing that his removal order was issued by a person without authority, he is challenging whether it was issued at all. But Mr. Flores asks the Court to find that the order was not issued as a matter of fact by first finding that it was issued improperly as a matter of law. Because the Court may not "inquire whether the expedited removal procedure . . . was properly invoked," *Khan*, 608 F.3d at 329–30, Mr. Flores's petition falls outside this Court's § 1252(e)(2) jurisdiction.

## IV. Conclusion

Mr. Flores's motion for leave to file a reply brief, dkt. [49], is **granted**, insofar as the Court has docketed and considered his proposed brief, dkt. 49-1. However, his petition is **dismissed** for **lack of jurisdiction** and **without prejudice** to his pursuit of any challenge to his removal or

revocation of his visa under proper authority. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Dated:  May 21, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Deisy Abarca-Espiritu
Selendy Gay PLLC
dabarcaespiritu@selendygay.com

Stephen Francis Federowicz
Selendy Gay PLLC
sfederowicz@selendygay.com

Mark Fleming
mfleming@immigrantjustice.org

Elissa Fudim
DOJ-Civ
elissa.p.fudim@usdoj.gov

Ayesha N. Khan
Democracy Forward Foundation
akhan@democracyforward.org

Jessica Morton
Democracy Forward Foundation
jmorton@democracyforward.org

Corey Stoughton
Selendy Gay PLLC
cstoughton@selendygay.com

Robin F. Thurston
Democracy Forward Foundation
rthurston@democracyforward.org